# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LEI TANG,

       Petitioner,

v.                                                                    Case No. 1:26-cv-00822 KWR-JFR

WARDEN, *Otero County Processing Center*,
TODD M. LYONS, *Acting Director of*
*Immigration And Customs Enforcement*,
MARY DE ANDA-YBARRA, *El Paso Field Office*
*Director for Detention and Removal,*
*U.S. Immigration and Customs Enforcement,*
TODD BLANCHE, *Acting U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department*
*of Homeland Security*,

       Respondents.

## ORDER DENYING MOTION TO ENFORCE

THIS MATTER comes before the Court on Petitioner's Motion to Enforce (Doc. 12). The Court granted in part Petitioner's habeas petition and ordered that Respondents hold an individualized bond hearing. Respondents held an individualized bond hearing before an immigration judge, who denied bond or release, finding that Petitioner is a flight risk. Now, Petitioner requests that the Court enforce its judgment and order his release.

The Court concludes that the immigration judge complied with the Court's order and held an individualized bond hearing. Therefore, the Motion to Enforce is denied.

## DISCUSSION

Petitioner asserts that the immigration judge did not follow the Court's order, failed to hold an individualized bond hearing, and erred by finding he was a flight risk. Petitioner requests that the Court order his immediate release or a bond hearing. Doc. 12 at 3.

The Court "retains jurisdiction to enforce its lawful judgments, including habeas judgments." *Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010); *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (explaining that district court has authority to enforce its habeas judgment). And the Court has jurisdiction over constitutional challenges to the application of § 1226. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (holding that "Section 1226(e) contains no explicit provision barring habeas review, and . . . its clear text does not bar [a petitioner's] constitutional challenge"); *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018). But the Court does not have jurisdiction to review an immigration judge's discretionary bond decision. Under § 1226(e), "[n]o court may set aside any action or decision by the Attorney General under [§ 1226] regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." "This provision precludes the Court from reviewing the IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.").

The Court finds that the bond hearing was sufficiently individualized and complied with the Court's order. It is clear that the immigration judge provided an individualized bond hearing at which Petitioner had representation of counsel, Petitioner was permitted to present or proffer evidence, and the immigration judge issued a ruling explaining why he believed Petitioner was a flight risk.  Petitioner does not assert that he was prohibited from presenting evidence or argument

2

regarding flight risk or danger. The Court did not order any specific result.  If the immigration judge committed error, the appropriate path is an appeal to the BIA.

Petitioner asserts that (1) the immigration judge refused to hear argument concerning the district court's order; (2) the immigration judge erred by relying upon some *Guerra* factors but not referencing others; and (3) the immigration judge's order stated that *Matter of Hurtado* may still apply.

*First*, the immigration judge did not err by moving the hearing along. Petitioner provided a portion of the bond hearing transcript. *See* Doc. 12-2.[1] The immigration judge stated that he understood the district court order, that he did not need to hear further argument regarding the order, and asked the parties to focus on whether Petitioner is a flight risk or danger.  Doc. 12-2 at 2.  The Court fails to see how this was error. Rather, it reflects that the immigration judge understood that the Court ordered a bond hearing under § 1226(a), at which the immigration judge must determine whether a noncitizen is a flight risk or danger to the community. The parties proceeded to argument and a proffer. Thus, the immigration judge followed the Court's order.

*Second,* Petitioner appears to assert that the immigration judge erred by relying upon some *Guerra* factor over others, and his weighing of the factors suggests that an individualized bond hearing did not occur. At the bond redetermination hearing, the immigration judge must consider whether the detainee "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *In Re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006). The immigration judge may also consider various discretionary factors, including:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and

---

[1] Petitioner attached a partial transcript of the bond hearing.  This transcript does not include a certification.  However, Respondents did not object to the Court considering this transcript, or alert the Court to any errors.

whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*In Re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). The immigration judge has "broad discretion in deciding the factors that he or she may consider" and "may choose to give greater weight to one factor over others, as long as the decision is reasonable." *Id.* at 40. The burden is on the detainee to demonstrate that release on bond is warranted. *Id.* The BIA case law following *Guerra* has either broadened these factors or taken an expansive view of these factors, allowing the immigration judge to consider whether a detainee has a valid or credible sponsor and the immigration status of a sponsor. *See Matter of Dobrotvorskii*, 29 I. & N. Dec. 211, 213 (BIA 2025); *Matter of R-A-V-P-*, 27 I. & N. Dec. 803, 807 (BIA 2020). An immigration judge may also consider a detainee's immigration status and the likelihood that any application for relief will be granted. *Matter of R-A-V-P-*, 27 I. & N. Dec. at 807 (allowing immigration judge to consider a detainee's immigration status and likelihood that an application for relief, such as application for asylum, will be approved).

Petitioner asserts that the immigration judge erroneously focused on some factors over others. However, "[t]he determination of the Immigration Judge as to custody status or bond may be based upon any information that is available to the Immigration Judge or that is presented to him or her by the alien or Service." 8 C.F.R. § 1003.19(d). "An Immigration Judge has broad discretion in deciding the factors that he or she may consider in custody redeterminations." *In re Guerra*, 24 I&N Dec. 37, 40 (BIA 2006). "The Immigration Judge is in the best position to analyze these considerations and may choose to give greater weight to one factor over others, as long as

4

the decision is reasonable." *Matter of R-A-V-P-*, 27 I&N Dec. at 804-05 (internal quotation marks omitted). Thus, the weighing of the factors is clearly a discretionary decision.

Upon reviewing the immigration judge's order, it appears that the immigration judge relied upon multiple *Guerra* factors. The immigration judge stated that Petitioner was a flight risk because his form of relief is speculative and he lacks ties to the United States. The immigration judge also pointed to the manner of his recent entry and his entry without inspection. Petitioner asserts that the immigration judge did not expressly mention in his ruling other factors in his favor. An error in the weighing of the *Guerra* factors, if any, does not suggest that the immigration judge did not follow the Court's order. Petitioner asserts that the immigration judge's consideration of his manner of entry suggests that the judge applied § 1225(b) and did not conduct an individualized bond hearing under § 1226(a). But the manner of entry is a factor under *Guerra* which an immigration judge may consider in determining whether a noncitizen is a flight risk.

*Third*, the immigration judge stated that the *Matter of Hurtado* may still apply. This appears to be an alternative ruling. It is clear based on the portion of the transcript provided by Petitioner that the immigration judge heard argument and counsel's proffer regarding flight risk and danger, and issued a ruling which referenced some *Guerra* factors. Thus, an individualized bond hearing was held despite the immigration judge's alternative ruling.

**CONCLUSION**

Respondents complied with the Court's judgment and provided an individualized bond hearing. Thus, Petitioner's Motion to Enforce is not well-taken and is denied.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Enforce Judgment (Doc. 12) is **DENIED**.

_____/S/_____
KEA W. RIGGS

5

UNITED STATES DISTRICT JUDGE